**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING LLC, *Plaintiff* | § § § | |
| v. | § | Case No. SA-26-CV-02170-XR |
| SANDRA SIFUENTES, UNITED STATES OF AMERICA EX REL. SECRETARY OF HOUSING AND URBAN DEVELOPMENT, SCOTT TURNER, *Defendants* | § § § § § § | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On this date, the Court considered Plaintiff's motion for default judgment in this foreclosure action (ECF No. 15). Defendant has not filed a response, and her time to do so has expired. After careful consideration, Plaintiff's motion (ECF No. 15) is **DENIED**.

**BACKGROUND**

This is a foreclosure action. In July 2020, Defendant Sandra Sifuentes executed a promissory note (the "Note") in the amount of $161,735.00 plus interest and a Deed of Trust ("Security Instrument") in favor of Plaintiff Lakeview Loan Servicing, LLC ("Lakeview"), pledging the real property located at 8203 Oppenheimer Avenue, San Antonio, Texas (the "Property") as collateral. ECF No. 1 at 3. The Security Instrument was recorded in the Official Public Record of Real Property of Bexar County, Texas. *See id.* at 17.

In January 2025, after falling behind on payments, Sifuentes executed a Partial Claim Deed of Trust in favor of the U.S. Department of Housing and Urban Development ("HUD") that secured repayment of $10,137.40 owed to Plaintiff. *Id.* at 4. The Partial Claim Deed of Trust was recorded in the official public records of Bexar County, Texas. *Id.*

Thereafter, Sifuentes defaulted on the loan, which is past due for April 2025 and all subsequent payments. *Id.* at 4. As of April 17, 2026, the total balance owing on the Note was $162,269.27—an amount that accrues interest at a rate of $14.59 per day. *Id.* Lakeview sent Sifuentes a Notice of Default on May 1, 2025. ECF No. 1-1 at 30–35.

Lakeview initiated this action in April 2026 against Sifuentes and, based on its subordinate lien, the United States, asserting claims for breach of contract and seeking non-judicial foreclosure (or, in the alternative, judicial foreclosure) and attorneys' fees. ECF No. 1. Although it is likely that Plaintiff and Sifuentes are diverse, Plaintiff only invoked federal question jurisdiction as the basis for this court's subject matter jurisdiction.

Plaintiff served Sifuentes with process on April 9, 2026, by delivering a copy of the summons and complaint to her son, Tristan Tijerena, at Sifuentes and Tijerena's home. ECF No. 8. After Sifuentes failed to timely answer or otherwise respond to the complaint, the Clerk entered default against her on July 2, 2026. ECF No. 14; ECF No. 15 at 2.

Plaintiff now moves for default judgment. *See* ECF No. 15; ECF No. 1 at 4–7. Sifuentes has not filed a response, and the time to do so has expired. The United States does not oppose a judgment in Plaintiff's favor. *See* ECF No. 6.

## DISCUSSION

### I. Legal Standard

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). However, in considering any motion for default judgment, a court must examine jurisdiction,

liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012). The Court examines each in turn.

## II. Analysis

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

Federal courts have subject matter jurisdiction only in cases that arise under federal law or in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

Plaintiff asserts that the Court has federal question jurisdiction over this case under 28 U.S.C. § 2410 because the United States has been named as a defendant. ECF No. 1 ¶ 4. Section 2410 provides that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(2).

The Fifth Circuit, however, has held that "Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002). "As a trade off for [this] waiver[s] of sovereign immunity, [28 U.S.C. § 1444] permits the government to remove to federal court any such case

initiated in state court." *Id.* at 629; *see* 28 U.S.C. § 1444 ("Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.").

"In light of this conditional relationship between §§ 2410(a) and 1444," the Fifth Circuit has "held that § 1444 'confers a substantive *right to remove*, independent of any other jurisdictional limitations.'" *Hussain*, 311 F.3d at 629 (quoting *City of Miami Beach v. Smith*, 551 F.2d 1370, 1374 n. 5 (5th Cir. 1977)) (emphasis added). In other words, Section 2410 "allow[s] plaintiffs to name the United States as a lienholder in state-law foreclosure actions and [Section 1444] allows the United States to remove those actions from state court." *Planet Home Lending, LLC v. Waterwall*, No. 4:25-CV-00387, 2026 WL 1084006, at *2 (S.D. Tex. Apr. 6, 2026), *adopted*, No. CV H-25-0387, 2026 WL 1081200 (S.D. Tex. Apr. 21, 2026); *see also Lewis v. Hunt*, 492 F.3d 565, 571 (5th Cir. 2007) ("[I]n interpreting and applying Section 2410 we must be mindful of its purpose and history as a lien *removal* statute.") (emphasis added).

In support of its jurisdictional argument, Plaintiff points to *Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998). See ECF No. 1 ¶ 4. That case is inapposite, however, because it addresses a separate question of subject matter jurisdiction, i.e., whether Section 2410's waiver of sovereign immunity applied to the specific facts of the case. The Fifth Circuit found that the plaintiff's claims were barred by sovereign immunity and dismissed the case for lack of subject matter jurisdiction. Nothing about that dismissal suggests that Section 2410 establishes federal question jurisdiction. *Cf. Lakeview Loan Servicing, LLC v. Tennyson*, No. 3:25-CV-1232-L, 2026 WL 799709, at *4 (N.D. Tex. Mar. 23, 2026) ("Lakeview's arguments also incorrectly conflate subject matter jurisdiction with the waiver of sovereign immunity[.]").

As other courts have pointed out, Section 2410 does not create federal question jurisdiction because the resolution of the United States' lien rights does not turn on a construction of federal law. *See Pennymac Loan Servs., LLC v. Boling*, No. 1:25-CV-243, 2026 WL 2621134, at *2 (E.D. Tex. Sept. 4, 2026); *Planet Home Lending*, *LLC v. Waterwall*, No. 4:25-CV-00387, 2026 WL 1084006, at *2 (S.D. Tex. Apr. 6, 2026), *adopted*, No. CV H-25-0387, 2026 WL 1081200 (S.D. Tex. Apr. 21, 2026) ("Determination of its lien rights does not turn on federal law, so the presence of the United States as lienholder cannot transform a run-of-the-mill state law claim into a federal question.") (quotation marks omitted).

Because Section 2440 does not provide a basis for original subject matter jurisdiction, courts in this Circuit have regularly dismissed similar cases filed in federal court. See *Waterwall*, 2026 WL 1084006, at *2 (collecting cases); *Amerihome Mortg. Co. LLC v. Williams*, No. 1:25-CV-00210, 2026 WL 1905047, at *1 (E.D. Tex. July 1, 2026) ("[B]ecause this case was originally filed in federal court, § 2410 does not establish jurisdiction under § 1331 and this action must be dismissed."); *Tennyson*, 2026 WL 799709, at *4 ("If Lakeview had originally brought this action in state court, and the United States had removed the action to federal court, the case would be in a different posture procedurally such that the court *might* have subject matter jurisdiction based on Section 2410. This, however, did not happen.").

Plaintiff failed to allege any other basis for subject matter jurisdiction. *See* ECF No. 1. Because no original subject matter jurisdiction exists, the Court cannot exercise supplemental jurisdiction over Lakeview's claims against Sifuentes under 28 U.S.C. § 1367.

The Court will exercise its discretion under 28 U.S.C. § 1653 to allow Plaintiff to cure its jurisdictional allegations by filing a proposed amended complaint that properly invokes either federal question jurisdiction or diversity jurisdiction.

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 15) is **DENIED**.

Plaintiff may move for leave to file an amended complaint properly invoking federal subject matter jurisdiction **by no later than November 2, 2026**, or seek an extension of time to do so. **Failure to do so will result in the dismissal of this case without prejudice for lack of subject matter jurisdiction.**

It is so **ORDERED**.

**SIGNED** this 19th day of October, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE